```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

JOHN MARTINEZ #R13264,            )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    No.  10 C 6837
                                  )
DR. PARTHA GHOSH, et al.,         )
                                  )
          Defendants.             )

## MEMORANDUM ORDER

This Court has just received the purported Answer filed by the Illinois Attorney General's office on behalf of a half dozen of the defendants in this 42 U.S.C. §1983 action brought by Illinois prison inmate John Martinez ("Martinez"). This memorandum order strikes that responsive pleading sua sponte, without prejudice to the prompt filing of a proper Amended Answer.

Unlike the regrettably large group of lawyers who inexplicably depart from the plain roadmap prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5) for disclaimers that give defendants the benefit of a deemed denial, defense counsel here has followed that roadmap faithfully. But the problem is that the astonishing overuse of that disclaimer (it is advanced in nearly all 60 paragraphs of the Answer) is totally indiscriminate, without regard to whether its use does or does not meet the Rule 11(b) requirement of subjective and objective good faith.

Because it would be an imposition on this Court to have to

go through the lengthy Answer to identify all of the places in which the Rule 8(b)(5) disclaimer as used by defense counsel does not fit, only a few illustrative examples will be given here. Thus such a disclaimer is inappropriate in response to allegations in Martinez' Complaint as to the contents of documents (see, e.g., Answer ¶¶7, 8 and 12). As another example, how can an answering defendant disclaim knowledge or information sufficient to form a belief as to express allegations of statements assertedly made or actions assertedly taken by those defendants themselves (see, e.g., Answer ¶¶13, 22, 23, 31, 40 and 42)?[1]

As already indicated, what has been said here is not intended to be exhaustive. But it certainly suffices to explain why defense counsel must go back to the drawing board. It is expected that an appropriate Amended Answer will be filed on or before April 18, 2011.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 4, 2011

---

[1] This is not of course an expression of this Court's views as to the accuracy of Martinez' allegations. It is rather that if he wrongfully ascribes action, inaction or statements to a defendant, that defendant ought to say so.