IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN MARTINEZ, #R13264,       )
                              )
        Plaintiff,             )
                              )
    v.                         )        Case No. 10 C 6837
                              )
DR. PARTHA GHOSH, et al.,      )
                              )
        Defendants.            )

## MEMORANDUM ORDER

This case exemplifies the kind of perils that can be posed by an ex parte communication in a lawsuit, even when expressly authorized by some rule or regulation. This Court's April 20 memorandum order ("Order") addressed the ex parte Request for Prepayment of Expenses filed by plaintiff John Martinez ("Martinez") to obtain compensation for an anticipated opinion witness to assist in support of Martinez' claims. But this Court has as yet reached no decision on that subject for the reasons expressed in the April 20 Order, which was also filed under seal even though it revealed nothing about the strategy or plans of Martinez' designated pro bono counsel.

Now however counsel for the defendant doctors, having received a minute entry disclosing the filing of Martinez' motion, has filed "Defendants' Response To Docket Entry No. 109." What that filing reflects is that the motion did not disclose facts that are relevant to its consideration but are not adverted to in the motion.[1] According to defendants' Response,

_____
[1] This should not be misunderstood as expressing or even implying any inappropriate conduct on the part of the pro bono counsel whom this Court drew from the membership of this District Court's trial bar to represent Martinez pro bono publico. On the contrary, what is raised by defendants' response are matters that date back to an earlier action by Martinez against
(continued)

Martinez' 2008 lawsuit against defendant Ghosh was settled in 2013 (indeed, was also settled with other targeted defendants in addition to Dr. Ghosh).

That being the case, Martinez' In Forma Pauperis Application filed in October 2010 in this action (an Application that this Court appropriately granted) had no bearing on the later operation of this District Court's LR 83.41, which deals with the circumstance under which a party who becomes able to pay for legal services in whole or in part has the obligation to bring that information to the attention of the judge in the case. Accordingly Martinez' present counsel are ordered to obtain the information from Martinez, and then to disclose by a supplemental filing, (1) the amounts received by Martinez in the way of settlement in that earlier action (Case No. 08 C 2601), (2) what disposition Martinez has made of those settlement proceeds and (3) Martinez' present financial condition. This Court should then be in a position to render an informed judgment as to the appropriate decision regarding Martinez' current request.

```
                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge
```

Date: April 27, 2015

---

(footnote continued)
defendant Ghosh back in 2008 -- matters that doubtless were not disclosed by Martinez to his much later-designated lawyers in this case.